UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
METTANIE TAPIA,                                             :
                                                           :
                                  Plaintiff,               :
                                                           :      **REPORT &**
         -against-                                         :      **RECOMMENDATION**
                                                           :      16-CV-5555 (FB) (SMG)
BE OPTICAL LLC and ETHAN FARAONOV,                         :
                                                           :
                                  Defendants.              :
------------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Mettanie Tapia ("Plaintiff") brings this action under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq*., and under New York Labor Law ("NYLL"), N.Y. Lab. Law

§§ 190 *et seq.* and §§ 650 *et seq*.  Plaintiff alleges that she was employed by Be Optical LLC

("Be Optical") and Ethan Faraonov ("Faraonov" and collectively "defendants") from August

2015 through September 2016 and that she was not compensated as required by law.  Declaration

In Support of Plaintiff's Motion for a Default Judgment ("Pl.'s Decl.") ¶ 2, Docket Entry 16;

Complaint ("Compl.") ¶ 10, Docket Entry 1.  Plaintiff seeks to recover unpaid overtime

compensation, liquidated damages, statutory damages for defendants' labor law violations, as

well as monetary damages in the form of back pay based on retaliatory termination for a

protected activity.  Plaintiff's Memorandum in Support of Motion for Default Judgment ("Pl.'s

Mem.") at 5-6, Docket Entry 17.

        In light of defendants' failure to defend, plaintiff requested the Clerk of the Court to enter

a notation of default against both defendants, Docket Entry 14, which the Clerk then entered.

Orders dated August 2, 2017 and August 8, 2017.  United States District Judge Frederic Block

then referred this case to me to hold an inquest or hearing to determine liability and damages and issue a Report and Recommendation.  Order dated September 6, 2017.

Plaintiff has submitted a memorandum of law and a declaration, along with exhibits, in support of her motion for entry of a default judgment.  Docket Entries 16, 17.  Having reviewed these submissions, I conclude that a hearing is not necessary and respectfully recommend that plaintiff be awarded $13,440 in compensatory and liquidated damages pursuant to the FLSA; $10,000 in statutory damages pursuant to N.Y. Lab. Law §§ 195(1), (3), 198(1-b), and (1-d); and $16,053 in back pay pursuant to the FLSA.  I further recommend that plaintiff's request for prejudgment interest pursuant to N.Y. Lab. Law § 198(1-a) be denied.

Plaintiff's complaint also sought payment for violations of N.Y. Comp. Codes R. & Regs. tit. 12 §§ 142-2.4 ("Spread of Hours law") and reasonable attorneys' fees and costs.  Compl. at 13-14.  Plaintiffs' motion for default judgment, however, does not reference any spread of hours claims, nor does it include an application for attorneys' fees and costs.  I therefore infer that plaintiff no longer presses these matters, and I recommend that there be no award for any spread of hours claim.  I further recommend that plaintiff not be awarded attorneys' fees and costs unless plaintiff submits an application for them, supported by contemporaneous time records, within the time for filing objections to this Report and Recommendation.

## FACTS

Plaintiff is a former employee of defendant Be Optical, a commercial entity focused on optometric goods owned and operated by defendant Faraonov.  Compl. ¶ 7, 16, 19.  Plaintiff was employed by defendants from August 2015 until September 2016, and was involved in the sale and shipment of eyeglasses, eyeglass frames, and related products, some of which were shipped from other states.  Compl. ¶¶ 10, 14.  Plaintiff was employed as an Optical Sales Associate, and

her responsibilities also included assessing patients for glasses and helping them choose frame styles, handling cash and credit card transactions, measuring pupil distance, and measuring distances for progressive lenses.  Compl. ¶ 8.  Plaintiff alleges that she typically worked from Monday to Saturday from 10:00 a.m. to 8:00 p.m., and was not permitted uninterrupted meal breaks, such that she worked a total of approximately 60 hours per week.  Compl. ¶ 11; Pl.'s Decl. ¶ 4.

Plaintiff alleges that defendants never furnished her with a Notice and Acknowledgement of Pay, that she was misclassified and paid on an IRS Form 1099 rather than as an employee, and that the paystubs that she did receive did not list her hourly rate or the number of hours she worked.  Compl. ¶ 27; Pl.'s Decl. ¶ 11.[1]  Plaintiff further alleges that defendants paid her $12 per hour, plus a minor amount in commissions, but did not pay her any overtime premium for hours she worked in excess of 40 hours per week.  Compl. ¶ 21; Pl.'s Decl. ¶ 7.

Plaintiff orally informed defendant Faraonov on September 7, 2016 and again on September 8, 2016 that defendants had misclassified her as an independent contractor and that she was entitled to overtime under federal and state law.  Compl. ¶¶ 58, 64; Pl.'s Decl. ¶ 13. Defendant Faraonov refused plaintiff's request to be paid for overtime and, on September 17, 2016, terminated her employment in retaliation for making a complaint.  Compl. ¶¶ 60, 66; Pl.'s Decl. ¶ 13-15.

### DISCUSSION

A. *Legal Standards*

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for

---

[1] Plaintiff's memorandum in support of her motion for default judgment asserts that "her check did not come with a paystub." Pl's Mem. at 1.  Plaintiff's declaration in support of her motion for default judgment, though, asserts that she did receive some paystubs, but those she received were legally insufficient because they did not list plaintiff's hourly rate or the number of hours she worked.  Pl. Decl. ¶ 11.

obtaining a default judgment.  *See Shariff v. Beach 90th Street Realty Corp.*, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, once a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment against that defendant.  Fed. R. Civ. P. 55(b)(2).

A defendant who fails to answer or defend is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted by*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citation and quotation marks omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  A court therefore retains the discretion to determine whether a final default judgment is appropriate.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  In exercising that discretion, courts recognize that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and only when there are well-pleaded factual allegations should a court "assume their veracity and then determine whether they plausibly give

rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

    B.  *Liability*

       For the reasons set forth below, I conclude that plaintiff's complaint asserts valid claims

for violations of federal and state wage and hour laws, as well as for retaliatory termination in

violation of the FLSA.

       1.  <u>Wage and Hour Violations</u>

       I first turn to whether plaintiff's employment with defendants is covered by the FLSA.

The FLSA provides that

> [e]very employer shall pay to each of his employees . . . who in any workweek is
> engaged in commerce or in the production of goods for commerce, or is employed
> in an enterprise engaged in commerce or in the production of goods for commerce
> . . . [wages] not less than the minimum wage rate in effect under subsection (a)(1)
> of this section.  29 U.S.C. § 206(b).  An enterprise is engaged in commerce
> where, in relevant part, it "has employees . . . handling, selling, or otherwise
> working on goods or materials that have been moved in or produced in
> commerce" and where its "annual gross volume of sales made or business done is
> not less than $500,000."  *Id.* § 203(s)(1)(A).  Commerce is, in turn, defined as
> "trade, commerce, transportation, transmission, or communication among the
> several States or between any State and any place outside thereof."  *Id.* § 203(b).

*Mejia v. E. Manor USA Inc.*, 2013 WL 3023505, at *2 (E.D.N.Y. Apr. 19, 2013).

       Thus, a plaintiff in an FLSA action must establish: (1) that an employer–employee

relationship exists, and (2) that the employer is engaged in interstate commerce.  *See* 29 U.S.C.

§ 206(b).  The FLSA defines an "employer" as "any person acting directly or indirectly in the

interest of an employer in relation to an employee," and a "person" as, among other things, either

an individual or a corporation.  *Id.* §§ 203(a), 203(d).  The definition of an employer under New

York law is "similarly expansive."  *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342

(S.D.N.Y. 2005) (citing, *inter alia*, N.Y. Lab. Law § 651(6)).

       Plaintiff alleges that defendant Be Optical is a commercial entity engaged in handling and

selling goods, and that it is owned and managed by defendant Faraonov.  Compl. ¶¶ 16, 19.

Plaintiff alleges that she was employed by defendant Be Optical and engaged in commerce by

being involved in the sale and shipment of eyeglasses, eyeglass frames, and related products that

were shipped from other states.  Compl. ¶¶ 10, 14.  Plaintiff alleges that she was misclassified as

an independent contractor by defendants and that her actual status was that of an employee.  Pl.'s

Mem. at 2.  In support of her position, plaintiff points out that both the IRS and the New York

State Department of Labor have determined that she was an "employee" of Be Optical.  *Id.* at 1.

Both the FLSA and NYLL employ an "economic reality test" to determine "employee"

status.  This test considers: "(1) the degree of control exercised by the employer over the

workers; (2) the workers' opportunity for profit or loss and his investment in the business; (3) the

degree of skill and independent initiative required to perform the work; (4) the permanence or

duration of the working relationship; and (5) the extent to which the work is an integral part of

the employer's business."  *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988).

This test is intended to be broad and in essence asks whether the plaintiff was in business for

herself or instead was economically dependent on and within the direct control of the company.

*McGuiggan v. CPC Int'l, Inc.*, 84 F. Supp. 2d 470, 479-80 (S.D.N.Y. 2000); *see also Gustafson

v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 325-26 (S.D.N.Y. 2001) (finding that a former chauffer

who was classified as an independent contractor during the course of his work for a company

should be considered an "employee" for the purposes of the FLSA because, among other

reasons, the company exercised "virtually complete control over the plaintiff's on-the-job

activities").  Plaintiff alleges that her hours of employment were set by defendants, that she

worked on defendants' premises, and that she served defendants' customers.  Pl.'s Mem. at 1;

Pl.'s Decl. ¶12.  Moreover, as discussed above, plaintiff was paid an hourly wage and did not

participate in the profits and losses of the business, and defendants exercised substantial control over the terms of her employment, as demonstrated by their decision to terminate her after she complained about not receiving overtime wages.  Accordingly, plaintiff has alleged sufficient facts to establish that she was an employee of defendant Be Optical and not an independent contractor.

Plaintiff claims that both defendants, Be Optical and Faraonov, were her employers. Compl. ¶¶ 18-19.  Courts look to the "economic reality" of a situation to determine who qualifies as an employer.  *Goldberg v. Whitaker House Coop. Inc.*, 366 U.S. 28, 33 (1961).  The Second Circuit has identified the following factors as relevant: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999).  The NYLL employs the same economic realities test.  *Slamna v. API Rest. Corp.*, 2012 WL 2979067, at *3 (S.D.N.Y. July 20, 2012); *Doo Nam Yang*, 427 F. Supp. 2d at 342 n.25.  Here, plaintiff's complaint alleges that defendant Faraonov exercised substantial control over employees like plaintiff: Faraonov is alleged to have hired, fired, assigned work to, and supervised employees such as plaintiff, and to have maintained the payroll records and determine the pay practices at Be Optical.  Compl. ¶ 19; Pl.'s Decl. ¶ 6.  Thus, defendant Faraonov is an employer subject to FLSA and NYLL liability and is properly held jointly and severally liable with defendant Be Optical for any judgment entered in this case.  *See Man Wei Shiu v. New Peking Taste Inc.*, 2014 WL 652355, at *9 (E.D.N.Y. Feb. 19, 2014).

To recover under the FLSA, a plaintiff must also allege that she is either personally engaged in interstate commerce or in the production of goods made in interstate commerce, or

that her employer is an enterprise engaged in interstate commerce or in the production of goods for interstate commerce.  *Shim v. Millennium Gr.*, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009).

> Under the FLSA, an enterprise engaged in commerce is defined as an enterprise that has employees engaged in interstate commerce or in the production of goods for interstate commerce, *or that has employees handling,* selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce, and whose annual gross volume of sales made or business done is not less than $500,000.

*Id.* (internal brackets and quotation marks omitted) (emphasis in original) (quoting 29 U.S.C. § 203(s)(1)(A)).

Here, plaintiff alleges in her complaint that Be Optical was engaged in interstate commerce and conducted transactions totaling more than $500,000 annually.  Compl. ¶ 16. Specifically, plaintiff alleges that defendants sold and shipped eyeglasses, eyeglass frames, and related products that had been shipped from other states.  Compl. ¶¶ 14, 16.  Plaintiff further claims that she individually engaged in such commerce on behalf of defendants.  Compl. ¶ 14; Pl.'s Decl. ¶ 9.  Plaintiff has thus adequately pleaded the interstate commerce element of an FLSA claim.

Having concluded that plaintiff has established the threshold requirements for invoking the FLSA and NYLL, I now turn to the substance of plaintiff's claims.  Plaintiff has established defendants' joint and several liability for violation of federal and state overtime mandates. Both federal and state law require that employees be paid one and a half times their regular rate for overtime, or time worked above forty hours per week.  29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2 (mandating an overtime wage calculated, in relevant part, in the same manner as under the FLSA).  Plaintiff affirms that, throughout the period of her employment, she worked from 10:00 a.m. to 8:00 p.m. or later from Monday to Saturday.  Compl. ¶ 11; Pl.'s Decl. ¶ 4.  Plaintiff

8

further alleges that she received no overtime premium for her overtime hours.  Compl. ¶ 21; Pl.'s

Decl. ¶ 7.  In total, plaintiff is claiming that she worked sixty hours each week; thus, she seeks

overtime payments for the extra twenty hours that she worked during the fifty-six weeks of her

employment.  Pl.'s Decl. ¶ 8 and Exhibit 1.

Plaintiff has also sufficiently alleged violations of state wage notice and statement

requirements.  State law requires an employer to provide an employee, at the time of hiring, with

a written "notice containing the following information: the rate or rates of pay and basis

thereof . . . the regular pay day designated by the employer . . . [T]he notice must state the

regular hourly rate and overtime rate of pay" in English and in the employee's primary language.

N.Y. Lab. Law § 195(1)(a).  Additionally, under state law, employers must "furnish each

employee with a statement with every payment of wages, listing . . . the dates of work covered

by that payment[,] the regular hourly rate or rates of pay[, and] the overtime rate or rates of pay."

N.Y. Lab. Law § 195(3).  Plaintiff alleges that defendants did not provide her with the required

written wage notices.  Compl. ¶¶ 27, 47; Pl.'s Decl. ¶ 11.  Plaintiff also alleges that she did not

receive wage statements or pay stubs that complied with NYLL.  Compl. ¶ 50; Pl.'s Decl. ¶ 11.

Thus, accepting her allegations as true in light of defendants' default, I conclude that plaintiff has

demonstrated that defendants violated N.Y. Lab. Law § 195.

### 2.  FLSA § 215(a)(3) Violation

Plaintiff also alleges that defendants willfully violated FLSA § 215 by terminating her in

retaliation for her complaints about defendants' violations of the wage and hour laws.  Compl.

¶ 666; Pl.'s Decl. ¶ 15.  That section provides that "it shall be unlawful for any person . . . to

discharge or in any other manner discriminate against any employee because such employee has

filed any complaint . . . related to [the FLSA]." 29 U.S.C. § 215(a)(3).  To succeed on a claim of

retaliation under this section of the FLSA, a plaintiff must show "(1) participation in a protected activity known to the defendant . . . (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).  Plaintiff alleges that she complained to defendant Faraonov that defendants' refusal to pay her overtime constituted a violation of the law and that, less than two weeks after complaining, defendants terminated her employment in retaliation.  Compl. ¶¶ 58-60, 64-66; Pl.'s Decl. ¶¶13-15.

That plaintiff made her complaints orally in no way undermines the validity of her retaliatory termination claim.  Courts have held that § 215(a)(3) "prohibits retaliation against employees who orally complain to their employers as long as their complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'"  *Greathouse v. JHS Security, Inc.*, 784 F.3d 105, 117 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)).

To constitute protected activity, a complaint must clearly invoke the employee's rights under the law or allege violations of it, so that a reasonable employer may understand the complaint as a protected assertion of legal rights.  *Pierre v. Air Serv. Security*, 2016 WL 5136256, at *8 (E.D.N.Y. Sept. 21, 2016).  Here, plaintiff contends that her complaints to defendant Faraonov included assertions that she was entitled to overtime under federal and new York State law.  Compl. ¶ 30; Pl.'s Mem. at 5.  Plaintiff has thus demonstrated that she was participating in a protected activity.

It must also be established that the allegedly retaliatory action taken by the employer was, in fact, an "adverse employment action," or a "materially adverse change" in the terms and

conditions of employment.  *Sethi v. Narod*, 12 F.Supp. 3d 505, 528 n.8 (E.D.N.Y. 2014) (quoting *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)).  Termination of ongoing employment clearly constitutes a materially adverse change.

Finally, a plaintiff claiming retaliation must establish a causal connection between the protected activity and the adverse employment action.  Here, plaintiff alleges that when she complained, defendant Faraonov told her that it would not be "business smart" for him to pay her overtime and that she did not deserve overtime pay.  Compl. ¶¶ 30-31.  Plaintiff further alleges that defendant Faraonov threatened to phone the police after she made her second complaint.  Compl. ¶ 31.  Finally, plaintiff alleges that she was terminated only ten days after registering her complaint.  Compl. ¶ 32.  Plaintiff has thus alleged sufficient facts to support a finding that her termination was caused by her complaints, and that defendants thus violated 29 U.S.C. § 215(a)(3).

*C. Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default, allegations relating to damages are not.  *Greyhound Exhibitgroup*, 973 F.2d at 158.  A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded.  *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).  This determination may be made based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence.  *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40; *see generally* Fed. R. Civ. P. 55(b)(2).

Plaintiff has described her work schedule in her affidavit.  Pl.'s Decl. ¶ 4.  Although the number of hours plaintiff worked is detailed only in her affidavit and not in other supporting

11

documents, her estimate is to be credited in light of defendants' default. "The burden is on an

employer [to] properly . . . record hours, and an employee need only as a *prima facie* matter

present an estimate of damages that is satisfactory as 'a matter of just and reasonable inference.'"

*Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. App'x 19, 20-21 (2d Cir. 2002) (quoting

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). In the case of a

defendant's default, "plaintiff's recollection and estimates of hours worked are presumed to be

correct." *Perero v. Food Jungle, Inc.*, 2006 WL 2708055, at *5 (E.D.N.Y. Aug. 7, 2006)

(internal quotation marks and citation omitted); *see also Pavia v. Around the Clock Grocery,

Inc.*, 2005 WL 4655383, at *6 (E.D.N.Y. Nov. 15, 2005) (finding plaintiff's testimony to be

credible when defendants did not appear to challenge plaintiff's claims).

Plaintiff seeks to recover compensatory damages under federal and state law for the

period of her employment, from August 2015 through September 2016. Pl.'s Decl. ¶ 2. Plaintiff

also seeks liquidated damages under the FLSA, prejudgment interest under NYLL, and statutory

damages under NYLL for the wage notice and statement violations. Pl.'s Mem. at 3-5. Finally,

plaintiff seeks monetary relief in the form of back pay for the wrongful retaliatory termination of

her employment. *Id*. at 5-6. I set out my calculations of these damages below.

1. Compensatory and Liquidated Damages

Plaintiffs prevailing on a claim brought under the FLSA are entitled to recover

> in the amount of their unpaid minimum wages, or their unpaid overtime
> compensation, as the case may be, and in an additional equal amount as liquidated
> damages . . . . The court in such action shall, in addition to any judgment awarded
> to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the
> defendant, and costs of the action. [2]

---

[2] As noted above, plaintiff's motion papers do not include an application for an award of attorney's fees and costs.
Accordingly, unless plaintiff files an application for attorney's fees and costs within the time period for objecting to
this report, I respectfully recommend that no award of attorney's fees and costs be made.

29 U.S.C. § 216(b).  New York Labor Law similarly allows for the recovery of "the full amount of any such underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules," liquidated damages, and costs.[3]  N.Y. Lab. Law §§ 198(1-a), 663(1).

I have reviewed plaintiff's sworn declaration and the calculations set out in her memorandum of law.  In light of defendants' default, plaintiff's recollections of the hours she worked and the pay she received are presumed accurate.  *See Doo Nam Yang*, 427 F. Supp. 2d at 335.  As noted above, plaintiff states she was paid $12 per hour, plus a minor amount of commissions.  Pl.'s Decl. ¶ 7.  The overtime premium set forth in both federal and state statutes requires that employees be paid one and a half times their usual rate for hours worked beyond forty hours per week.  29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2.  Thus, the overtime premium due plaintiff is $6.00 per hour of overtime worked.  Accepting plaintiff's allegations that she worked 60 hours per week and was not paid any overtime premium at all, she is owed $120 (20 hours x $6.00) for each week she worked for defendants.  Plaintiff alleges she was employed by defendants from August 2015 through September 2016, and she seeks overtime pay for 56 weeks of employment.  Pl.'s Decl. ¶ 2 and Ex. 1.  I therefore recommend that plaintiff be awarded $6,720 ($120 x 56) in compensatory damages for defendants' violation of the FLSA and NYLL's overtime provisions.

Plaintiff also seeks an award of liquidated damages under the FLSA.  Pl.'s Mem. at 4.

---

[3] The statute of limitations for wage and hour claims under federal law is two years; under state law, the limitations period is six years.  29 U.S.C. § 255(a); N.Y. Lab. Law § 198(3).  The federal limitation period may be extended to three years if the "cause of action [arises] out of a willful violation."  29 U.S.C. § 255(a).  Plaintiff, however, may not recover under both statutes for the same injury.  *See, e.g.*, *Angamarca v. Pita Grill 7 Inc.*, 2012 WL 3578781, at *4 (S.D.N.Y. Aug. 2, 2012).  Here, plaintiff pleaded that defendants acted willfully.  Compl. ¶¶ 37, 44.  Because defendants have not appeared, plaintiff's allegations of willfulness are deemed admitted.  Accordingly, the statute of limitations on plaintiff's FLSA claims is three years.  *Angamarca*, 2012 WL 357871, at *4.  Plaintiff began working for defendants in August of 2015, and commenced this action in October of 2016.  *See* Compl.  Thus, even without a finding of willfulness, all of plaintiff's FLSA claims would be timely.

Liquidated damages of one hundred percent of the amount of compensatory damages are available under both the FLSA and NYLL.  29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Pursuant to 29 U.S.C. § 260, courts may, in their discretion, decline to award liquidated damages where an employer "shows to the satisfaction of the court" that it acted in good faith and reasonably believed it did not violate the FLSA.[4]  An employer who defaults, though, fails to make a showing of good faith.  *Rodriguez v. Queens Convenience Deli Corp.*, 2011 WL 4962397, at *4 (E.D.N.Y. Oct. 18, 2011) (citing *Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at *6 (S.D.N.Y. May 2, 2011)).  I therefore recommend that plaintiff be awarded $6,720 in liquidated damages.  Combined, this amounts to $13,440 in compensatory and liquidated damages.

2.   Statutory Damages

Since April 9, 2011, the Wage Theft Prevention Act of the NYLL has required that every employer shall "provide his or her employees, in writing . . . at the time of hiring, a notice containing . . . the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other."  N.Y. Lab. Law § 195(1)(a).  The notice is to contain "information about the employee's rate of pay, hours of employment, and contact information for the employer."  *Guaman v. Krill Contracting, Inc.*, 2015 WL 3620364, at *8 (E.D.N.Y. June 9, 2015).  An employee who is not provided with proper notice within ten days of his or her first day of employment may recover damages of $50 for every workday the violations occurred or continued to occur, up to a statutory maximum of $5,000.  N.Y. Lab. Law § 198(1-b).  Plaintiff alleges that defendants never furnished her with proper wage notices over the course of her employment.  Compl. ¶ 27; Pl.'s Decl. ¶ 11; Pl.'s Mem. at 1.  Plaintiff contends that she worked

---

[4] Similarly, NYLL permits a court to decline to award liquidated damages if "the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law."  N.Y. Lab. Law § 663(1).

for defendants six days per week for 56 weeks, or for approximately 336 work days.  When the

336 days plaintiff worked without a proper wage notice are multiplied by $50 per day, the

resulting amount is greater than the statutory maximum of $5,000.  Thus, plaintiff is entitled to

$5,000 in damages as a result of defendants' failure to provide her with the notice required

pursuant to N.Y. Lab. Law § 195(1)(a).

     The NYLL also requires employers to "furnish each employee with a statement with

every payment of wages, listing . . . the dates of work covered by that payment of wages[, the]

rate or rates of pay[, and] the overtime rate or rates of pay."  N.Y. Lab. Law § 195(3).  An

employee who is not provided with the wage statements required by section 195(3) may recover

$250 for each work day that the violation occurs, up to a statutory maximum of $5,000.  N.Y.

Lab. Law § 198(1-d).  Plaintiff alleges she never received proper wage statements.  Compl. ¶ 29.

When the 336 days plaintiff worked for defendants are multiplied by $250 per day, the resulting

amount is greater than the statutory maximum.  Thus, plaintiff is entitled to the statutory

maximum of $5,000 as a result of defendants' failure to provide her with the wage statements

required pursuant to Labor Law § 195(3).

     3.   Prejudgment Interest

     Plaintiff also seeks prejudgment interest under N.Y. Lab. Law §§ 198, 663(1).  Pl.'s

Mem. at 4.  Prejudgment interest may be awarded in addition to liquidated damages under

NYLL, but not under the FLSA.  *See Morales v. MW Bronx, Inc.*, 2016 WL 4084159, at *10

(S.D.N.Y. Aug. 1, 2016) (citing *Brock*, 840 F.2d at 1065).  Where, as here, compensatory

damages are sought under both the FLSA and NYLL, the relevant question becomes under

which statute liquidated damages are being sought and awarded.  While NYLL prejudgment

interest may be granted in addition to NYLL liquidated damages, it may not be allowed in

addition to liquidated damages granted under the FLSA.  *See Garcia v. Chirping Chicken NYC, Inc.*, 2016 U.S. Dist. LEXIS 32750, at *54 (E.D.N.Y. Mar. 11, 2016) ("[P]laintiffs are only entitled to prejudgment interest on any damages incurred solely under the NYLL."), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 46183 (E.D.N.Y. Mar. 31, 2016); *Galicia v. 63-68 Diner Corp.*, 2015 WL 1469279, at *8 (E.D.N.Y. Mar. 30, 2015) ("[E]ven though a plaintiff seeks recovery under the FLSA and NYLL, where, as here, the plaintiff is awarded liquidated damages under the FLSA, he is precluded from also collecting prejudgment interest.").

In this case, plaintiff seeks liquidated damages only under the FLSA.  Pl.'s Mem. at 4. Although courts within the Second Circuit have differed on the question of whether plaintiffs may recover NYLL prejudgment interest on wages for which liquidated damages were recovered under the FLSA, recent cases suggest denying such recovery.  *See Garcia* 2016 U.S. Dist. LEXIS 32750, at *54 ("[P]re-judgment interest may not be awarded under the NYLL in addition to liquidated damages that are awarded for violations of the FLSA."); *Tackie v. Keff Enters. LLC*, 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014) ("[C]ourts do not award statutory prejudgment interest on any portion of their recovery for which liquidated damages were awarded under FLSA . . . [. P]laintiffs are entitled to prejudgment interest on any compensatory damages awarded under the NYLL for which there is no corresponding award of liquidated damages under FLSA."); *Drozd v. Vlaval Const., Inc.*, 2011 WL 9192036, at *15 (E.D.N.Y. Oct. 18, 2011), *report and recommendation adopted by*, 2012 WL 4815639 (E.D.N.Y. Oct. 10, 2012).

Here, I recommend an award of liquidated damages under FLSA equal to the full amount of compensatory damages recovered.  I therefore recommend that plaintiff's demand for prejudgment interest be denied.

16

4.   Back Pay

Finally, plaintiff's seeks to recover damages resulting from defendants' retaliatory termination in violation of 29 U.S.C. § 215(a)(3).  The penalty for violation of this provision is "such legal or equitable relief as may be appropriate . . . including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Plaintiff alleges that she has been out of work for nearly one year, and seeks to recover the wages she would have earned had she not been fired.  Pl.'s Decl. ¶ 17; Pl.'s Mem. at 6.

Although plaintiff has not described her efforts to find new employment, this poses no bar to her recovery of lost wages.  The Second Circuit has repeatedly held that "it is the *defendant* who bears the burden with respect to a lack of mitigation."  *Azkour v. Little Rest Twelve*, 2015 WL 631377, at *8 (S.D.N.Y. Feb. 12, 2015) (emphasis in original).  As plaintiff has no burden to carry regarding mitigation, and in light of defendants' default, I recommend an award based upon a full year of lost wages, less the deductions discussed below.

Had plaintiff been paid properly at her $12 per hour rate of pay and continued to work 60 hours per week, her weekly pay would have totaled $840 per week (($12 x 40 hours) + ($18 x 20 hours)).  At this weekly rate, plaintiff would be owed $43,680 ($840 x 52 weeks) in back pay for the year following her termination.  However, plaintiff acknowledges in her declaration that she took some mitigating measures that affect the amount of back pay she is owed.  Specifically, plaintiff acknowledges having received $7,020 in unemployment benefits, approximately $7,280 in post-termination employment income as a receptionist for Smile Direct Club, and approximately $13,327 from her current employment.  Pl.'s Decl. ¶ 17 and Ex. 4.  After deduction of these amounts, plaintiff is owed $16,053 in back pay, and I respectfully recommend

that she be awarded that amount.[5]

As noted above, 29 U.S.C. § 216(b) provides for an equal amount in liquidated damages for a violation of § 215(a)(3).  However, because plaintiff does not seek these liquidated damages in her motion for default judgment, and because this "Court cannot award plaintiff more than [s]he sought," I recommend that liquidated damages in connection with plaintiff's termination not be awarded.  *Zhen Ming Chen v. New Fresco Tortillas Taco, LLC.*, 2015 WL 5710320, at *8 (S.D.N.Y. Sept. 25, 2015).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff be awarded a total of $39,493, comprised of the following amounts: $6,720 in compensatory damages, $6,720 in liquidated damages for failure to pay overtime wages, $5,000 in statutory damages for failure to provide wage notices required by N.Y. Lab. Law § 198(1-b), $5,000 in statutory damages for failure to provide wage statements required by N.Y. Lab. Law § 198(1-d), and $16,053 in back pay.  I further recommend that corporate defendant Be Optical LLC and individual defendant Ethan Faraonov be held jointly and severally liable for these amounts.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before February 27, 2018.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day

---

[5] The Second Circuit has not decided whether unemployment benefits should be deducted from an award for back pay, holding instead that this is a matter left to the discretion of the district courts. *Azkour*, 2015 WL 631377, at *10. Had plaintiff not included such a deduction in her own assessment of damages owed, Pl.'s Decl. ¶ 17, I would have followed the majority rule and recommended that unemployment benefits not be deducted.  *Azkour*, at *10. However, in fairness to the defaulting defendants who were provided with notice only of the amounts plaintiff seeks, and given that the deduction of unemployment benefits is not contrary to accepted law, I recommend deducting the amount received by plaintiff in unemployment benefits.

limit).  Plaintiff shall serve this Report and Recommendation on the defaulting defendants at

their last known addresses and file proof of service with the Court.

                              SO ORDERED.

                              _____
                              /s/
                              Steven M. Gold
                              United States Magistrate Judge

Brooklyn, New York
February 13, 2018

*U:\Intern Work\2018\Michael Purcell\Tapia v. Be Optical LLC\Tapia v. Be Optical FINAL.docx*

19